IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHARILETTE E. MCDONALD, | ) |
|     Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 23-cv-65-DWD |
| IDA B. CANNON, FELICIA PHILLIPS, JANESIA MCDONALD, | ) ) ) ) |
|     Defendants. | ) |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

Plaintiff Sharilette E. McDonald filed a *pro se* Complaint against Ida B. Cannon, Felicia Phillips, and Janesia McDonald. Plaintiff claims that the defendants, who are relatives or family acquaintances, interfered with her deceased mother's end of life care, in violation of Plaintiff's constitutional rights. Plaintiff seeks compensatory and punitive damages totaling $350,000.00. Plaintiff also filed a motion for leave to proceed *in forma pauperis* ("IFP"). For the reasons discussed herein, Plaintiff's Complaint is dismissed without prejudice with leave to file an amended complaint by June 9, 2023, and her motion for leave to proceed IFP is denied without prejudice.

**Complaint**

Plaintiff's complaint appears to involve a family dispute regarding who had the authority to make medical decisions for Plaintiff's deceased mother, Betty Ann Thompson McDonald ("Ms. McDonald"). According to the complaint, Plaintiff is Ms. McDonald's only child and was her power of attorney during the relevant time. Plaintiff

claims that, in February 2020, after Ms. McDonald suffered from a stroke, Ms. McDonald's sisters (Ida Cannon, a defendant in this action; Mary Cannon, not a defendant in this action; and Lakeisha Phillips, not a defendant in this action) "kidnapped" her and placed her in Sterns Nursing and Rehabilitation Nursing Home. Thereafter, two family friends (Felicia Phillips, a defendant in this action and Cistey Robinson, not a defendant in this action) completed paperwork on behalf of Ms. McDonald and provided her with medication. Plaintiff was not permitted to see her mother due to COVID lockdowns and eventually her mother passed away.

The complaint also indicates that Plaintiff has a pending state-court action where, among others, she has sued Ida Cannon, Felicia Phillips, and Janesia McDonald. According to the complaint, that case is pending before Judge Cannady in the Twentieth Judicial Circuit, St. Clair County, Illinois. *See Sharilette McDonald on Behalf of Betty McDonald v. Ida Cannon, et al.*, 20-p-579. As to this case, the complaint states as follows: "Its still pending, and I don't want the lawyer or the judge on the case because they let [illegible] white get away with making a live video stating she was going to slap my mom." (Doc. 3, p. 4).

## Standard of Review

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal *in forma pauperis* statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989) ("The federal *in forma pauperis* statute … is designed to

ensure that indigent litigants have meaningful access to the federal courts."). To authorize a litigant to proceed in forma pauperis, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, *id.* § 1915(e)(2)(B).

## Discussion

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." *Id.* § 1915(a)(1). In her IFP application, Plaintiff indicates that she is "just starting" employment with Missouri Central School Bus. But she provides no information regarding pay or wages. She further indicates that she has no other income, "they took everything," and she has no debts. This is not enough information for the Court to discern if Plaintiff is unable to pay the costs of commencing this action. Accordingly, Plaintiff's IFP motion is due to be denied as incomplete. Further, even assuming Plaintiff can satisfy the financial prong of the IFP statute, she fails the second merits-based prong. Thus, she cannot obtain IFP status regardless of her inability to pay.

Under the second inquiry, a court must look to the sufficiency of the complaint to determine whether it is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B). District courts have the power under § 1915(e)(2)(B) to screen

complaints even before service of the complaint on a defendant and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013). Section 1915(e)(2)(B) applies to prisoner and non-prisoner complaints alike, regardless of fee status. *Rowe*, 196 F.3d at 783.

A document filed *pro se* is to be liberally construed, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Here, even giving Plaintiff every benefit under this relaxed pleading standard, the complaint does not allege facts sufficient to establish subject matter jurisdiction. Accordingly, Plaintiff's lawsuit must be dismissed.

Unlike the state courts in which Plaintiff apparently has a lawsuit pending, a federal district court is one of limited jurisdiction. Generally, this court may only consider cases: (1) that arise under federal law, 28 U.S.C. § 1331; or (2) in which the parties in suit are citizens of different states and the amount in controversy is greater than $75,000, 28 U.S.C. § 1332. The court does not have jurisdiction under 28 U.S.C. § 1331, as Plaintiff has identified no federal claims in her complaint. Nor can this court discern one from the facts alleged. Plaintiff claims that defendants violated her constitutional rights, but she does not allege that any of the named defendants are governmental actors, nor that they acted under the color of state law, so she cannot bring claims against them under the United States Constitution; nor do her claims implicate any federal statute. Although Plaintiff

alleges that the defendants made decisions about Ms. McDonald's medical care without authority and contrary to her mother's wishes, any claims she may have against them arise under state law. And to the extent she is dissatisfied with decisions by state circuit courts, her remedy is to appeal them within the state system as well.[1]

The complaint also lacks sufficient facts for the Court to discern whether diversity jurisdiction exists under 28 U.S.C. § 1332. Diversity jurisdiction only exists where the plaintiff and defendants are "citizens of different states," and "the matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332. In the instant case, Plaintiff has alleged that she is a citizen of Missouri, but she has not alleged the citizenship of any defendant.

Because the complaint does not adequately allege subject matter jurisdiction, it must be dismissed. If Plaintiff wishes to pursue her claims, she must do so in state court or allege additional facts that would authorize this Court to exercise jurisdiction over this dispute.

### Conclusion

For the aforementioned reasons, Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* is **DENIED** and the complaint is **DISMISSED** for lack of subject matter jurisdiction.

**IT IS ORDERED** that, should he wish to proceed with this case, Plaintiff must:

---

[1] The Court further notes, to the extent that any amended pleading establishes subject matter jurisdiction, the Court will have to address whether Plaintiff's pending state-court action implicates abstention principles, requiring this court to stay or dismiss the lawsuit.

1. file a Motion for Leave to Proceed *in forma pauperis* that includes all relevant information or prepay the full $402.00 filing fee for this action no later than **June 9, 2023**; and

2. file a First Amended Complaint by the same deadline of **June 9, 2023**.

If Plaintiff fails to file an amended complaint by June 9, 2023, the Court will close this case and enter judgment indicating that the case has been dismissed for lack of subject matter jurisdiction.

**SO ORDERED.**

Dated: May 8, 2023

**s/*David W. Dugan*** 
DAVID W. DUGAN 
United States District Judge
